LAW OFFICE OF RICHARD W. SNYDER
RICHARD W. SNYDER, ESQ., State Bar # 183570
18002 Irvine Blvd., Suite 165
Tustin, CA 92780
(714) 505-7585

Attorney for Movant

Bankruptcy Resource Management Inc.



**FILED & ENTERED**

**OCT 09 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY milano    DEPUTY CLERK**

<u>**ORDER NOT FOR PUBLICATION**</u> CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ERIC ORTIZ and<br><br>AIDA ORTIZ,<br><br>          Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 2:15-17764-RK<br><br>Chapter   7<br><br>ORDER DENYING MOTION OF BANKRUPTCY RESOURCE MANAGEMENT, INC., TO COMPEL APPEARANCE OF DEBTORS AT RULE 2004 EXAMINATION AND TO POSTPONE OR SET ASIDE GRANTING OF DISCHARGE |

On September 18, 2015, Bankruptcy Resource Management, Inc. (BRM), filed the instant Motion to Compel Appearance at Examination and Postpone Granting of Discharge.  In its moving papers, BRM alleges that this court issued an order entered on September 2, 2015 directing Debtors to appear for an examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure on September 17, 2015 at 2:30 p.m. at the offices of BRM's counsel, Richard W. Snyder, and that Debtors failed to appear at the Rule 2004 examination as ordered.  By its motion, BRM seeks an order compelling Debtors to appear for a rescheduled Rule 2004 examination on October 22, 2015 at 2:30 p.m. and delaying entry of their Chapter 7 bankruptcy discharge and the closing of their bankruptcy case for at least 60 days, citing Rule 7006 of the Federal Rules of Bankruptcy Procedure regarding enlargement of time.  On October 8, 2015, BRM filed a declaration of non-opposition to

its motion pursuant to Local Bankruptcy Rule 9013-1(o).

Having considered the moving papers, the court denies the motion without prejudice for the following reasons:

1.  The court does not see that the instant motion to compel compliance with its prior Rule 2004 examination of September 2, 2015 is the appropriate remedy for Debtors' alleged noncompliance (or "defiance" as described in the moving papers) with such order.  The appropriate order for noncompliance with a court order is a motion for contempt under Local Bankruptcy Rule 9020-1.  In its moving papers, BRM cites Rule 2004 of the Federal Rules of Bankruptcy Procedure, specifically citing in turn Rule 9016 of the Federal Rules of Bankruptcy Procedure, as its authorities to compel attendance of a witness for a Rule 2004 examination.  But the court has already issued its September 2, 2015 order for Rule 2004 examination which satisfies the requirements of Rules 2004 and 9016, the latter of which refers to issuance of subpoenas under Rule 45 of the Federal Rules of Civil Procedure, because the Rule 2004 examination order has the effect of a subpoena as court process to compel attendance of a witness.  At this point, the appropriate remedy for willful noncompliance with a court order, such as the Rule 2004 examination order, is a contempt proceeding which is governed by Local Bankruptcy Rule 9020-1.  The instant motion does not comply with the procedures of Local Bankruptcy Rule 9020-1 for holding Debtors in contempt.

2.  If by the instant motion, BRM merely intended to reschedule a Rule 2004 examination without moving for contempt, then this would not be a motion to compel examination, but a motion to reschedule the examination, which could be requested under Local Bankruptcy Rule 2004-1 and 9013-1(p) without hearing or the need to follow the negative notice procedures of Local Bankruptcy Rule 9013-1(o).  However, the court is not sure that this is what BRM wants because the motion is not clear about this in that it said that it sought to compel Debtors' attendance at a Rule 2004 examination, which has already been compelled by the prior Rule 2004 examination order and would be redundant and unnecessary in the court's view.

Case 2:15-bk-17764-RK    Doc 22    Filed 10/09/15    Entered 10/09/15 07:32:01    Desc
Main Document    Page 3 of 3

3. However, BRM's request to compel Debtors' attendance is also coupled with a request for sanctions that the court delay their Chapter 7 bankruptcy discharge and closing of their bankruptcy case. In support of this request, BRM cites Rule 7006 of the Federal Rules of Bankruptcy Procedure, which is a rule that does not exist. It appears that BRM meant Rule 9006 of the Federal Rules of Bankruptcy Procedure based on the quoted language of that rule in the motion as the reference to Rule 7006 was only one of several typographical errors in the moving papers. Contrary to BRM's arguments, Rule 9006 by itself is not adequate legal authority for the court to impose sanctions against Debtors to delay entry of their discharge and the closing of their bankruptcy case. It would seem to this court that the court would have to first hold them in contempt before imposing such sanctions against them, which are not properly before the court on this motion.

4. **Debtors are not required to appear at the Law Office of Richard W. Snyder located 18002 Irvine Blvd., Suite 165, Tustin, CA 92780 on 10/22/2015 at 02:30PM as noticed by BRM in its motion. However, upon a proper motion, Debtors may be ordered to appear for a Rule 2004 examination at a future date and time.**

5. Accordingly, the Motion to Compel Appearance at Examination and Postpone Granting of Discharge is DENIED WITHOUT PREJUDICE.

###

Date: October 9, 2015

_____
Robert Kwan
United States Bankruptcy Judge

3